## Peck, Appellant, *v.* Connell.

*Bankruptcy—Preference—Judgment—Pleading.*

In an action by a trustee in bankruptcy against a creditor of the bankrupt to recover money which the creditor had collected by execution process against the bankrupt, the statement of claim is insufficient, which fails to aver that the bankrupt intended to give a preference, and that the creditor had reasonable cause to believe that the bankrupt intended to give such preference.

He who would recover back money which has been collected by the final process of a court of competent jurisdiction should distinctly aver every material fact upon which his right to recover depends.

Argued Jan. 16, 1902. Appeal, No. 26, Jan. T., 1902, by plaintiff, from judgment of C. P. Lackawanna Co., Sept. T., 1900, on demurrer to statement in case of George L. Peck, Trustee of Howard H. Beidleman, v. William Connell. Before Rice, P. J., Beaver, Orlady, Smith, W. W. Porter and W. D. Porter, JJ. Affirmed.

Demurrer to statement.

The material averments of the statement are set forth in the opinion of the Superior Court.

The court below in an opinion by Archbald, P. J., sustained the demurrer, and entered judgment for defendant.

22, (1902).] Assignment of Error—Opinion of the Court.

*Error assigned* was the order of the court.

*S. B. Price*, for appellant.—It is not necessary that the bankrupt intended to give a preference, nor that the payee intended to receive one, if such payment is made within four months of the bankrupt proceedings: Carson & Co. v. Chicago Title & Trust Co., 5 Am. B. R. 814.

It has been decided that where a declaration in a case alleges a preferential payment by a bankrupt when insolvent and within four months, and the creditor knowingly received it as such, a judgment on demurrer in favor of the creditor against whom an action by the trustee had been brought, should be reversed: Chism v. Bank of Friars Point, 5 Am. B. R., 56; Bryan v. Bernheimer, 181 U. S. 188; 21 Sup. Ct. Rep. 557.

The lien obtained by levy of execution against the defendant, issued within four months before the filing of petition in bankruptcy against him, is rendered void by an adjudication of bankruptcy: In re Spacht, 2 N. B. N. 238; In re Fellerath, 1 N. B. N. 292; 95 Fed. Repr. 121; Brandenburg on Bankruptcy, page 405; In re Easley, 1 N. B. N. 230; Levor v. Seiter, 5 Am. B. R. 576; In re Kenney, 5 Am. B. R. 355; In re Richard, 3 Am. B. R. 145.

*Ezra H. Connell*, for appellee, cited: Carson & Co. v. Chicago Title & Trust Co., 5 Am. B. R. 814; In re Nelson, 1 Am. B. R. 63; Blair's Case, 4 Am. B. R. 220; Botts v. Hammond, 3 Am. B. R. 775.

OPINION BY W. D. PORTER, J., July 10, 1902:

The plaintiff filed a statement containing these material averments: " The defendant took in execution certain goods, wares and merchandise at the suit of William Connell against Howard H. Beidleman, in the court of common pleas of Lackawanna county, Pennsylvania, the judgment upon which said execution was issued and execution had having been obtained within four months before the filing of the petition in bankruptcy by the said Howard H. Beidleman, the said petition in bankruptcy having been filed on June 5, 1899, and the said Howard H. Beidleman having been duly adjudicated a bankrupt on June 19, 1899, which said judgment was entered and execu-

tion had on May 5, 1899, on a certain promissory note dated April 20, 1896, at one year after date, in the amount of $1,500, . . . . and the said goods, wares and merchandise were levied upon for the purpose of preferring the said William Connell and others to the exclusion of other creditors, and the said goods and chattels were exposed to sale and purchased by one W. C. Price, an agent of said William Connell, and said defendant receipted upon said writ for the sum of $1,398.80; and the said William Connell and the said Howard H. Beidleman at the time said judgment was entered and execution had knew that the said bankrupt, Howard H. Beidleman, was insolvent and unable to pay his debts." It was further averred that the defendant through his agent afterwards sold and disposed of the goods for his own use and benefit, well knowing that the said Beidleman, at the time said goods were sold by the sheriff, was wholly insolvent and unable to pay his debts, and that by reason of the premises an action had accrued to the plaintiff against the defendant, under the provisions of the bankrupt act; and that the plaintiff was entitled to recover the sum of $1,398.80, being the amount realized by the plaintiff from a sale of the goods by the sheriff. The defendant filed a demurrer, upon which the court below entered judgment in his favor.

The statement filed by plaintiff makes it clear that the note which evidenced the claim of the creditor was dated long before the enactment of the bankrupt act, but it does not appear whether the judgment was entered in pursuance of adverse process or by confession upon a warrant of attorney. It may, for the purposes of this case, be assumed that the judgment when entered and the levy of the execution thereon was a preference " suffered or permitted," by Beidleman within the meaning of clause (3) of section 3a of the bankrupt act, and that the failure of Beidleman to vacate and discharge the preference so obtained, at least five days before the sale, was an act of bankruptcy: Wilson v. Nelson, 183 U. S. 191 (22 Sup. Ct. Repr. 74). When a preference is obtained through legal proceedings, the failure to vacate or discharge it is an act of bankruptcy without regard to the intention of the insolvent. The decision cited deals only with the rights and responsibilities of the insolvent and not with those of the creditor who by

legal proceedings has obtained a preference.   The definition of a preference within the meaning of the bankrupt act is found in section 60*a :* " A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."   This omits all reference to the intention of the parties, and whether the entry of a judgment or the transfer of property constitutes a preference is dependent upon the insolvency of the debtor and the effect of the transaction upon his estate.   This subdivision *a* defines what shall constitute a preference, but it does not determine the effect thereof.   The vice of the appellant's position is in his assumption that all preferences are voidable by the trustee.   The fact of the existence of a preference is to be determined without regard to the intention of the creditor or his knowledge of existing conditions.   Section 57*g* enacts : " The claims of creditors who have received preferences shall not be allowed unless such creditors have surrendered their preferences."   This applies to all preferred creditors, they shall not participate in the distribution of the bankrupt's estate unless they have surrendered their preferences : Pirie v. Chicago Title & Trust Company, 182 U. S. 438 (21 Sup. Ct. Repr. 906). The right of the trustee to avoid the preference and recover the property or its value is another and entirely different matter, and is to be determined under a different section of the act. The rights of the parties to this controversy are to be determined under the provisions of subdivision *b* of section 60 : " If a bankrupt shall have given a preference within four months before the filing of a petition or after the filing of the petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee and he may recover the property or its value from such person."   When it came to making provision for undoing the consequences of executed contracts, or judicial proceedings carried to their ultimate conclusion, the makers of the law recognized the justice of giving

weight to the motives and intentions by which the parties had been controlled. The purpose of the act was to secure an equal distribution of the estate of the bankrupt. All creditors who have been preferred may, by surrendering the advantage which they have received, participate in the distribution of the estate upon an equal footing with all other creditors of the same class. They are put to the election of retaining what they have already received, or by surrendering it taking their chances with the other creditors. Subdivision *b* deals with that class of preferred creditors who are denied the right to make this election and who may be compelled unwillingly to surrender the property which they have received in a business transaction or acquired as the result of a legal proceeding. The right of the trustee to avoid a preference and recover the property, is made to depend not only upon the act and state of mind of the giving debtor, but the state of mind of the receiving creditor must also be considered. It is not enough that an advantage in fact be given, but to make it voidable "the person receiving it or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference." The debtor must have intended to prefer and the creditor must have had reasonable cause to believe that such intention existed. These elements were material to the right of the appellant to recover in the present action, and under our present system of procedure it was incumbent upon him to distinctly aver them. The bankrupt act does not take from the creditor all incentive to vigilance; he may still collect his claim from an insolvent debtor by legal process. Such process does not fall within the ban of the bankrupt act, unless the creditor shall have had reasonable cause to believe that it was intended thereby to give a preference. The intention of the creditor to obtain the preference is not condemned. The averment that the creditor had reasonable cause to believe that the debtor intended to give a preference is certainly as material and necessary to the statement in an action of this character, as is the allegation that the prosecution was commenced and carried on without probable cause in an action for malicious prosecution. In each of these classes of cases the presence or absence of "a reasonable cause to believe" is a controlling element. The omission from a dec-

laration in an action for malicious prosecution of an averment that the prosecution was carried on without probable cause is fatal on demurrer: Weinberger v. Shelly, 6 W. & S. 336; 11 P. & L. Dig. of Dec. 19,390. He who would recover back money which has been collected by the final process of a court of competent jurisdiction should distinctly aver every material fact upon which his right to recover depends. We are of opinion that the plaintiff's statement was insufficient and the judgment is affirmed.