## Keith, Trustee, Appellant, *v.* Gettysburg National Bank.

*Bankruptcy—Federal bankrupt law—Preference—Intention—Evidence—Province of court and jury.*

In an action by a trustee in bankruptcy to recover money paid by the bankrupt to a creditor within four months from the filing of the petition in bankruptcy, binding instructions in favor of the defendant are proper where there is no evidence from which the jury could find that the defendant knew or had reasonable cause to believe that the payments by the bankrupt were intended to give a preference. The law presumes the payments made by the bankrupt were legal, and the burden of proof is on the trustee to overcome this presumption.

Submitted March 10, 1903. Appeal, No. 33, March T., 1903, by plaintiff, from judgment of C. P. Adams Co., Nov. T., 1901, No. 37, on verdict for defendant in case of John D. Keith, Trustee of Harry S. Cashman, Bankrupt, *v.* Gettysburg National Bank. Before BEAVER, ORLADY, SMITH, W. D. PORTER and MORRISON, JJ. Affirmed.

Assumpsit by a trustee in bankruptcy to recover money alleged to have been paid as a preference. Before SWOPE, P. J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for defendant. Verdict and judgment for defendant.

*Error assigned* was in giving binding instructions for defendant.

*W. C. Sheely* and *John D. Keith*, for appellant.—The payments in this case were a " transfer " under section 60 of the bankruptcy act: Landry v. Andrews, 6 Am. Bank. Rep. 281; In re Waterbury Furniture Co., 8 Am. Bank. Rep. 79; Boyd v. Lemon, Gale Co., 8 Am. Bank. Rep. 81.

It was not necessary that the bank should know or even actually believe that a preference was being given, provided it had reasonable cause to be put on inquiry. If the bank was put upon inquiry and failed to inquire, it is chargeable with knowledge: 2 Biglow on Fraud, 603; Toof v. Martin, 13 Wallace,

40; Clarion Bank v. Jones, 21 Wallace, 325; Barker v. Franklin, 8 Am. Bank. Rep. 468.

The effect and not the intent governs in a transfer to create a preference : Wager v. Hall, 16 Wallace, 384; Buchanan v. Smith, 16 Wallace, 277; Walburn v. Babbitt, 16 Wallace, 577; Wilson v. City Bank, 17 Wallace, 473; Sage v. Wyncoop, 104 U. S. 319; In re Philip Jacobs, 1 Am. Bank. Rep. 518; Lodge v. Simonton, 2 P. & W. 439; Leonard's Appeal, 94 Pa. 168; Bradlee v. Whitney, 108 Pa. 362; Epley v. Witherow, 7 Watts, 163.

*William McSherry,* for appellee.—The payment of a note held by a bank against an insolvent debtor out of the collateral security given to secure the note is not a preference : In re Little, 6 Am. Bank. Rep. 681; Chattanooga Nat. Bank v. Rome Iron Co., 4 Am. Bank. Rep. 441.

It is not enough that the creditor has some cause to suspect the insolvency of his debtor, but he must have such knowledge of facts as to induce a reasonable belief of his debtor's insolvency in order to invalidate a security taken for his debt: Grant v. Monmouth First Nat. Bank, 97 U. S. 80; Stucky v. Masonic Bank, 108 U. S. 74 (2 Sup. Ct. Rep. 219).

There was no fact shown to put a prudent man on his guard before this money was paid. This is necessary to set aside the payment: Brown v. Guichard, 7 Am. Bank. Rep. 515; Crooks v. People's Nat. Bank, 5 Am. Bank. Rep. 754; Matter of Linton, 7 Am. Bank. Rep. 676.

The court was right in taking this case from the jury: Holland v. Kindregran, 155 Pa. 156.

OPINION BY MORRISON, J., May 4, 1903 :

This was an action of assumpsit brought by John D. Keith, trustee of Harry S. Cashman, Bankrupt, v. Gettysburg National Bank, to recover money alleged to have been paid to the defendant bank by Cashman within four months of the date when certain of his creditors filed their petition in the United States district court for the middle district of Pennsylvania, praying that said Cashman might be adjudged a bankrupt under the provisions of the bankruptcy act of 1898. The petition was filed on June 13, 1901, and Cashman was duly adjudged a

bankrupt on July 17, 1901, and on August 21, 1901, the plaintiff, Keith, was duly appointed trustee of the estate of said bankrupt. The undisputed testimony in the case showed that for many years prior to February 1, 1901, the Gettysburg National Bank had discounted the notes of Harry S. Cashman, and taken his business paper as collateral for the payment of his individual notes; that on February 1, 1901, the said bank took a renewal note to cover the liability of Cashman for the amount which he owed the bank at that date, retaining all of the notes which were then in its possession as collateral security, and which Cashman had long previous to February 1, 1901, more than four months previous to that date, transferred to the bank as collateral security; that on March 2, 1901, the note of February 1, 1901, was reduced to $2,874.59 by money received from collateral notes, which the bank had collected and credited on the note of February 1, 1901. It appears that all the money which Cashman paid to the bank, amounting to $1,069.53, the money claimed in this suit, were payments made on collateral notes, and that Cashman had received the money for the payment of the notes from the makers, and agreed to pay the bank and lift the notes more than four months prior to the filing of the petition in bankruptcy on June 13, 1901. It also clearly appears that Cashman had neglected to pay over the money which he had unlawfully received on these collateral notes for a long time after he received the same. About February 1, 1901, the bank held a note against Cashman to the amount of $2,874.59, and also notes of Cashman's customers to an equal amount as collateral security. At this time the defendant bank refused longer to take an ordinary negotiable note from Cashman, but took from him a judgment note at thirty days for the entire amount of his indebtedness, viz: $2,874.59, and at the maturity thereof took another judgment note from him for the same amount. As the collateral notes were paid to the bank its custom was to surrender them to Cashman up until February 1, 1901, and after that date the bank credited on Mr. Cashman's note the amount of such payments. The amount of money received by Cashman on the collateral notes long prior to March 1, 1901, was $1,069.53, which Cashman used in his business instead of handing it over to the bank as he ought to have done. On March 15, 1901, he paid to the bank the sum

of $279.10 ; on March 27, 1901, he paid $533.96, and on April 2, 1901, he made the last payment sought to be recovered in this action, $263. The total of these payments is the amount claimed in the action to be recovered back from the bank.

There really is no substantial dispute as to the testimony, the controversy being over the legal effect of it, the plaintiff claiming that he should have been permitted to submit his case to the jury. The theory of the plaintiff was that the money paid to the bank as above stated, was a preference within the meaning of the bankruptcy act of 1898, and that he had a right to recover this back from the bank to make a just and equitable distribution of it among Cashman's creditors. The action was brought under the 60th section of said act, which reads as follows: " A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class." This is section 60, clause (*a*) and it is not material to discuss it in this case. It is under section 60, clause (*b*) of the national bankrupt law of 1898, that this action is brought. It is as follows : " If a bankrupt shall have given a preference within four months before the filing of a petition or after the filing of the petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

It is conceded that the money paid to the bank by Cashman, which the plaintiff claims to recover, was paid within four months of the filing of the petition against him. It is also conceded that the testimony showed the insolvency of Cashman at the time such payments were made. Our question is, was the learned judge below correct in holding that there was not sufficient evidence to justify submitting the plaintiff's case to the jury ?

In Peck, Appellant, v. Connell, 21 Pa. Superior Ct. 22, we

said: " When it came to making provision for undoing the consequences of executed contracts, or judicial proceedings carried to their ultimate conclusion, the makers of the law recognized the justice of giving weight to the motives and intentions by which the parties had been controlled. The purpose of the act was to secure an equal distribution of the estate of the bankrupt. All creditors who have been preferred may, by surrendering the advantage which they have received, participate in the distribution of the estate upon an equal footing with all other creditors of the same class. They are put to the election of retaining what they have already received, or by surrendering it taking their chances with the other creditors. Subdivision (*b*) deals with that class of preferred creditors who are denied the right to make this election, and who may be compelled unwillingly to surrender the property which they have received in a business transaction or acquired as the result of a legal proceeding. The right of the trustee to avoid a preference and recover the property, is made to depend not only upon the act and state of mind of the giving debtor, but the state of mind of the receiving creditor must also be considered. It is not enough that an advantage in fact be given, but to make it voidable the person receiving it or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference. The debtor must have intended to prefer, and the creditor must have had reasonable cause to believe that such intention existed. These elements were material to the right of the appellant to recover in the present action, and under our present system of procedure it was incumbent upon him to distinctly aver them. The bankrupt act does not take from the creditor all incentive to vigilance ; he may still collect his claim from an insolvent debtor by legal process. Such process does not fall within the ban of the bankrupt act, unless the creditor shall have had reasonable cause to believe that it was intended thereby to give a preference. The intention of the creditor to obtain the preference is not condemned." This was said in a case where the plaintiff's declaration failed to allege that the creditor had reasonable cause to believe that there was an intention to give a preference. In the case in hand the declaration contains the necessary averment, but the learned court

was of the opinion that the testimony failed to show any facts that would warrant a jury in finding that the defendant bank or its agents had reasonable cause to believe that Cashman intended to give an unlawful preference and upon that ground, the case was withdrawn from the jury and a binding instruction given in favor of the defendant. An examination of the testimony does not convince us that there was any error in this ruling of the court. The law presumes the payments made by Cashman were legal, and the burden of proof is on the plaintiff to overcome this presumption : Black on Bankruptcy, 205 ; Barbour v. Priest, 103 U. S. 293. "It is not enough that the creditor has some cause to suspect the insolvency of his debtor, but he must have such knowledge of facts as to induce a reasonable belief of his debtor's insolvency in order to invalidate a security taken for his debt : " Grant v. Monmouth First National Bank, 97 U. S. 80 ; Stucky v. Masonic Bank, 108 U. S. 74 (12 Sup. Ct. Rep. 219).

We have failed to discover any sufficient evidence from which the jury should have found that the bank knew or had reasonable cause to believe ·that the payments made to it by Cashman were intended to give a preference.

The assignments of error are all overruled, and the judgment is affirmed.