## Pauline Auberle *v.* City of McKeesport, Appellant.

| | |
|---|---|
| 179 | 321 |
| 187 | 117 |
| 187 | 208 |
| 179 | 321 |
| 188 | 503 |
| 179 | 321 |
| 24 SC | ¹140 |
| 179 | 321 |
| 217 | 515 |

*Evidence—Opinion of witnesses.*

Where mere descriptive language is inadequate to convey to the jury the precise facts or their bearing on the issue, the description by the witness must of necessity be allowed to be supplemented by his opinion, in order to put the jury in position to finally determine the facts; but where the circumstances can be fully and adequately described to the jury, and are such that their bearing on the issue can be estimated by all men without special knowledge or training, opinions of witnesses, expert or other, are not admissible.

*Negligence—Bridge—Guard rail.*

In an action against a city to recover damages for personal injuries caused by falling over a side of a bridge which was without a guard rail, it appeared that the bridge was in a rural district, that it was the full width

of the road, thirty-three feet, seventeen feet in length, and five feet above the bed of the stream which it crossed. The only complaint made of the bridge was the absence of a guard rail. *Held*, (1) that there was not sufficient evidence of negligence on the part of the city to submit to the jury ; (2) that as the situation was capable of full and exact description the opinions of witnesses as to whether a guard rail made the bridge dangerous for ordinary travel were inadmissible.

*Negligence—Contributory negligence—Bridge—Guard rail.*

In an action against a city to recover damages for personal injuries caused by falling over the side of a bridge which was without a guard rail, it appeared that the plaintiff started out about nine o'clock at night without a lantern to hunt her cow. She proceeded over a rough road across farm lands, found her cow and in driving it home came to the bridge. The plaintiff had lived for many years within eight hundred feet of the bridge and was familiar with the locality. The night was moonless but there were electric lights in the neighborhood. Plaintiff testified that she saw a big man two or three hundred feet ahead of her, and that her cow turned sideways, and she also stepped sideways, and fell over the side of the bridge. The bridge was the full width of the road way, thirty-three feet, and was seventeen feet in length and five feet above the bed of the run which it crossed. *Held*, that the evidence was sufficient for the court to say as a matter of law that the plaintiff was negligent, and a jury will not be permitted to say that she was exercising ordinary care.

Argued Oct. 28, 1896. Appeal, No. 46, Oct. T., 1896, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1894, No. 95, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for personal injuries. Before EWING, P. J.

The facts appear by the opinion of the Supreme Court.

At the trial James Stratton was asked this question :

" Q. State whether, in view of the examination that you made of the bridge on the day after the accident and since that time before the guard rails were put up, as you say, in view of your knowledge of the locality in the last forty years, whether, in your opinion, the bridge was dangerous or otherwise."

By the Court : Since ruling on the objection to a similar question asked Mr. Corry, court has been shown the case of McNerney v. The City of Reading, 150 Pa. 611. The ruling in that case seems to cover the question, and although it is in my judgment directly in the teeth of the principles laid down for the

government of the court admitting the opinion of witnesses in other cases, nevertheless it rules this case, and in this case the witness has shown much more to entitle him to give an opinion than in the other. The objection is overruled and bill sealed for defendant.

And the ruling in relation to the exclusion of the question to Mr. Corry is withdrawn, and the exception in that case is overruled, and the plaintiff will be allowed to ask the question.

Objection and bill sealed for defendant.

Captain Corry having been recalled, testified:

"Q. Captain, having stated that you made an examination of the bridge the next morning after the accident, that you have seen it different times since then, state, in your judgment, as to whether that bridge, at the time of the accident, was or was not a safe place for persons passing over it. A. I would not regard that as a safe bridge at night in the absence of hand rails." [1]

The court submitted the question of plaintiff's contributory negligence to the jury.

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (2) in submitting the question of plaintiff's contributory negligence to the jury.

*W. B. Rodgers*, with him *T. C. Jones*, for appellant, cited as to the admission of the opinion of witnesses: Graham v. R. R., 139 Pa. 149; Kraut v. R. W. Co., 160 Pa. 327; Dooner v. Canal Co., 164 Pa. 33.

Cited as to contributory negligence: Monongahela v. Fischer, 111 Pa. 9.

*J. M. Stoner*, with him *F. H. Guffey*, for appellee, cited as to the opinion of witnesses: Beatty v. Gilmore, 16 Pa. 463; Phila. & Reading R. R. v. Ervin, 89 Pa. 71; Graham v. Pa. Co., 139 Pa. 149; McNerney v. Reading, 150 Pa. 611; Kraut v. Ry., 160 Pa. 327; Kitchen v. Union Township, 171 Pa. 145.

OPINION BY MR. JUSTICE MITCHELL, January 4, 1897:

The learned judge, manifestly against his own judgment,

admitted the opinions of witnesses that the bridge where the accident took place was dangerous. The facts were not in dispute on this point; the bridge was the full width of the road way, thirty-three feet; it was only from fifteen to eighteen feet long, and four or five feet above the bed of the run. The situation was capable of full and exact description, and whether the absence of a guard rail under such circumstances made the bridge dangerous for ordinary travel was a matter on which every juror was as competent to form a sound individual judgment as any of the witnesses. The admission of opinions of the latter was therefore error.

The rule on this subject is that where mere descriptive language is inadequate to convey to the jury the precise facts or their bearing on the issue, the description by the witness must of necessity be allowed to be supplemented by his opinion, in order to put the jury in position to make the final decision of the fact. But where the circumstances can be fully and adequately described to the jury, and are such that their bearing on the issue can be estimated by all men, without special knowledge or training, opinions of witnesses, expert or other, are not admissible. The rule in this form was settled by Graham v. Penn. Co., 139 Pa. 149, and has not been departed from. Whether its application to existing facts in subsequent cases has always been correct, is a matter on which opinions may naturally differ, because as was said in that case quoting Chief Justice SHAW in N. E. Glass Co. v. Lovell, 7 Cush. 321, " there is extreme difficulty in laying down any rule precise enough for practical application, and the only proper course is to keep the principle steadily in view, and apply it according to the circumstances of each case."

The learned judge below considered the principle as modified by some of the later cases, and therefore, as already said, against his own opinion, admitted the evidence. In so doing however he gave the cases too broad an effect. They were not intended to introduce any modification of the rule in Graham v. Penn. Co. In McNerney v. Reading City, 150 Pa. 611, the case principally relied on at the trial, the objection made was not to the nature of the evidence but to the qualifications of the witness as an expert. Our Brother McCOLLUM after referring to this fact, cited Graham v. Penn. Co., and quoted as applicable

to the case in hand, what is there said of Beatty v. Gilmore, 16 Pa. 463, that it was "not clear that the mere description of the place would convey to the jury an adequate idea of it with reference to the danger." Whether the application of the rule in McNerney v. Reading was sound, or whether the letter of the ruling in Beatty v. Gilmore was not followed rather than the principle of Graham v. Penn. Co., may admit of serious question. The case is on, if not across the border line, but it was not intended to make any departure from the settled rule.

In the other case referred to by the learned court below, Kraut v. R. W. Co., 160 Pa. 327, the point was not discussed in the opinion, and the condition of the street upon which the witness's opinion was given, whether there was a hole, or only loose cobble stones, or both, was in dispute and left by the evidence very uncertain. So in Kitchen v. Union Township, 171 Pa. 145, the circumstances were unusual and complicated, and were thought to bring the case within the rule admitting the witness's opinion, but no departure from the rule itself was intended or indicated. On the other hand, in Dooner v. Canal Co., 164 Pa. 17, it was held that whether the absence of a bar or "grab-iron" on a freight car made it defective was a matter for the judgment of a man of ordinary intelligence and observation, and not therefore for a witness's opinion, citing and affirming the rule in Graham v. Penn. Co.

There remains the serious question of negligence on the part of defendant and of plaintiff. The bridge in question was not in the built-up portion of the borough, but in a rural district close to the township line. It was the full width of the road thirty-three feet, seventeen feet in length by the city surveyor's measurement, and five feet above the bottom of the run. The only complaint made of it is the absence of a hand rail, or guard on the outside. As said by the learned judge below, it is difficult to see how any sober person exercising reasonable care would be likely to walk off such a bridge. Under such circumstances there was no sufficient evidence of negligence on the part of the borough to submit to the jury. It is a much weaker case than Monongahela City v. Fischer, 111 Pa. 9.

The plaintiff was clearly guilty of contributory negligence. About 9 o'clock at night she started out without a lantern to hunt her cow which had broken loose and got away. She pro-

ceeded over rough roads, and through an unfenced alley across farm lands, found her cow, and in driving it home, came to this bridge. She testified that she was not acquainted with it since the rebuilding, some months or a year before, a statement as the learned judge says, not only inherently improbable, but negatived by the positive testimony of other witnesses who had seen her cross it. But assuming it to be true, she had lived since 1861 within eight hundred feet of the place, and the testimony is undisputed that the two previous bridges at that point had been only about half the width of the roadway. She had therefore a long acquaintance with the locality when it was less safe than at the time of this occurrence. It was a moonless night, but could not have been very dark, as she was able to follow and find the cow, and no witness on either side indicates any difficulty in seeing a reasonable distance. There were electric lights belonging to the passenger railway in the neighborhood, but the exact position and effect of them were disputed. Coming now to the moment of the accident the plaintiff, who was the only witness, testified that she saw a big man coming, and the cow, then about one hundred feet ahead, " walk sideways. I noticed a cow with her bell walking sideways to the left, and so I thought, Oh, well, I am not going to walk on top of this man, and I walked sideways too, and the first thing I knowed my foot had no hold and I fell," and on cross-examination, she said that she stepped aside to avoid " walking on top of the man " while he was still between two and three hundred feet away. Thus with light enough to see a man at that distance, and to notice the action of the cow in turning aside, she, that far in advance of meeting the man, and without looking where she was going, stepped clear out of the roadway of thirty-three feet and over the side of the bridge. It is impossible to permit a jury to say that that was exercising reasonable care.

Judgment reversed.