## Schuette *v.* Swank, Receiver, Appellant.

*Bankruptcy—Federal Act—Unlawful preference—Opinion witness—Belief of creditor as to solvency—Suspicion.*

1. The provision in the Federal Bankrupt Act that if a creditor of a bankrupt "should have reasonable cause to believe" that a transfer of property to himself would effect a preference, such transfer shall be voidable, does not demand actual knowledge

or actual belief, nor does a mere suspicion in the creditor's mind charge him with having "reasonable cause." In determining whether the creditor had reasonable cause to believe that a preference was intended, facts which are sufficient to put an ordinarily prudent man upon inquiry charge the creditor with all the knowledge he could have acquired by the exercise of reasonable diligence.

2. In such a case inquiry of the debtor alone is not sufficient, nor can the creditor testify as to his personal belief that the debtor was solvent when the transfer was made; nor is testimony admissible as to what the creditor learned a month or so later as to the financial condition of the debtor at the time of the transfer.

3. Accepted orders given within the four months constitute an assignment of the fund, but voidable only as a preferential transfer when the assignor was insolvent and the transfer was for an existing indebtedness and operated as a preference, of which fact the assignee had at the time reasonable cause to believe. The mere giving of the orders by the bankrupt does not of itself constitute a voidable transfer.

4. Under the present bankruptcy law a debtor is insolvent when the aggregate of his property shall not, at a fair valuation, be sufficient in amount to pay his debts and not when he is unable to meet his obligations as they mature in the ordinary course of business.

5. It cannot be affirmed as a matter of law that, because a debtor's business is bad and it is necessary to continually press him for payment, the creditor has reasonable cause to believe him insolvent.

Argued October 7, 1919. Appeal, No. 115, Oct. T., 1919, by defendant, from judgment of C. P. Indiana Co., June T., 1918, No. 212, on verdict for plaintiff in case of William Schuette & Co. v. George W. Swank, Receiver of Hess Bros., Bankrupt. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Issue to determine ownership of money paid into court. Before LANGHAM, P. J.

At the trial plaintiff's witness, William Schuette, being on the stand, was asked:

Q. You may state, Mr. Schuette, after this conversation and this examination and your report from Mr. Gillen, whether or not you believed the concern solvent?

Objected to as incompetent.

Objection overruled. Exception granted. (1)

A. I believed them to be solvent.

When Wm. Schuette was on the stand, the counsel for defendant asked the purpose of his testimony, to which counsel for plaintiff replied they proposed to prove by the witness on the stand that from investigations made shortly after his conversation with Blair Hess, and I think after the date of the orders, he, and the defendant in this case, as members of a committee of creditors were convinced that the estate of Hess Brothers would pay at least 75 or 80 per cent of its indebtedness, and this for the purpose of showing justification for his former belief that they were solvent, and his good faith in the acceptance of the orders.

Counsel for defendant objects to the testimony as incompetent and immaterial.

Objection overruled. Exception granted. (2)

The witness then testified substantially as proposed.

Plaintiff presented, inter alia, these points:

12. It is undisputed that at and after the time of the orders both defendant and plaintiff believed honestly that Hess Brothers' assets were worth at least 75 per cent of their liabilities. Answer:

That point is affirmed. (4)

13. It is undisputed that William Schuette & Company's total claims against Hess Brothers amounted to $28,000 or more, and the orders in suit aggregated $13,-768.38, which is less than 50 per cent of said amount, and therefore defendant has not proven that William Schuette & Company received a preference under the bankruptcy laws by the orders in suit. Answer:

We affirm that point in part, and we will read so far as we affirm it. "It is undisputed that William Schuette & Company's total claims against Hess Brothers

amounted to $28,000 or more and the orders in suit aggregate $13,768.38, which is less than 50 per cent of said amount." The balance of the point is a conclusion for the jury to determine; that is, as to whether or not the defendant has proven that William Schuette & Company received a preference under the bankrupt laws by the orders in suit.  (5)

14. If the jury believe from the evidence that on or about the date of the order one of the firm of Hess Brothers assured William Schuette that the firm was worth $50,000 over and above their liabilities, and that William Schuette believed it, then William Schuette had no reasonable cause to believe that Hess Brothers were insolvent, and the taking of the orders in suit was not a preference under the bankruptcy laws, and their verdict must be for the plaintiff.  Answer:

As a general proposition this is affirmed, and we say to the jury that the testimony of William Schuette is an important factor in this case, and should be considered in connection with the other testimony in the case.  (3)

Defendant presented, inter alia, these points:

2. Accepted orders drawn by a bankrupt on third persons and given to a creditor as security for his claim, are effective as assignments of the funds on which they are drawn and constitute a preferential transfer.

That point as stated is refused.  Answer.  (6)

5. A creditor has reasonable cause to believe the debtor to be insolvent when such a state of facts is brought to the creditor's notice respecting the affairs and pecuniary condition of the debtor as would lead a prudent business person to the conclusion that he is unable to meet payment of his obligations as they mature in the ordinary course of business.  Answer: Refused.  (7)

6. When a creditor knew that the debtor's business was bad and it was necessary to continually press the debtor for payment, a creditor may be said to have had reasonable cause to believe that the debtor was insolvent, and that a preference was intended.  Answer:

That point is refused. It is a question for the jury to determine. (8)

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1-2) rulings on evidence quoting the bill of exceptions and (3-8) above instructions quoting them.

*Ernest Stewart,* with him *Charles C. Greer,* for appellant, cited: McGirr v. Humphrey's Grocery Co., 192 Fed. Rep. 55; Tilt v. Citizens Trust Co., 191 Fed. Rep. 441; In re Hines, 144 Fed. Rep. 543.

*Robert B. Ivory,* with him *John A. Scott,* for appellee, cited: In re Thomas Deutschle & Co., 182 Fed. Rep. 437; Keith v: Gettysburg Nat. Bank, 23 Pa. Superior Ct. 14.

OPINION BY MR. JUSTICE WALLING, January 5, 1920:

This is an issue to determine the ownership of a fund paid into court and turns on the validity of certain assignments under the bankruptcy law. Hess Brothers were building contractors engaged in the erection of a large number of houses for mining operators in and about Indiana County, and, in July, 1917, contracted with the plaintiff corporation for a large amount of lumber, which was delivered as required and resulted in an indebtedness of $28,000. They were financially embarrassed, and became more so as the season advanced. Their notes and checks went to protest, and plaintiff became so concerned that from time to time it held up and delayed the delivery of certain carloads of lumber, and made inquiries as to Hess Brothers' financial condition. A block of the houses was being built for the Vinton Colliery Company, and on Sept. 17, 1917, they gave plaintiff an order for $10,000 on the coal company to apply on the $28,000, and on Oct. 4, 1917, a further order of $3,768.78, for like purpose, both of which were

duly accepted. Thereafter plaintiff, William Schuette
& Company, brought suit against the coal company on
the orders. Meantime, in December, 1917, Hess Broth-
ers went into bankruptcy and defendant as their receiver
claimed the amount due from the coal company, as a
part of the bankrupt estate, on the ground that the
orders having been given less than four months before
the petition in bankruptcy, were voidable as an unlaw-
ful preference. Thereupon the Vinton Colliery Com-
pany prayed for leave to pay the amount into court and
that an issue between plaintiff and the receiver might
be awarded to determine the ownership thereof, which
was granted. The receiver by leave of court borrowed
money to complete the building contracts, which re-
sulted in a loss; and, while the liabilities are over $80,-
000, the assets, aside from the fund here at issue, are not
sufficient to repay the money so borrowed, and if plain-
tiff is awarded the fund in court the other unsecured
creditors of like grade will get nothing. The trial of the
issue resulted in a verdict for plaintiff; from judgment
entered thereon defendant (the receiver) brought this
appeal.

Plaintiff's 14th point was, "If the jury believe from
the evidence that on or about the date of the order one
of the firm of Hess Brothers assured William Schuette
that the firm was worth $50,000 over and above their lia-
bilities, and that William Schuette believed it, then Wil-
liam Schuette had no reasonable cause to believe that
Hess Brothers were insolvent, and the taking of the
orders in suit was not a preference under the bankruptcy
laws, and their verdict must be for the plaintiff." An-
swer: "As a general proposition this is affirmed, and
we say to the jury that the testimony of William
Schuette is an important factor in this case, and should
be considered in connection with the other testimony in
the case." This was error, for the validity of the trans-
fer did not turn upon the creditor's personal belief but
upon reasonable cause to believe that the enforcement of

the transfer would effect a preference, and such cause depended upon all the circumstances and not merely upon the debtor's declaration. The act of Congress is: "If a bankrupt shall have......made a transfer of any of his property, and if, at the time of the transfer,...... and being within four months before the filing of the petition in bankruptcy,......the bankrupt be insolvent and the......transfer then operates as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall have reasonable cause to believe that the enforcement of such......transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person." See 3 R. C. L., p. 270, sec. 95. "The requirement of 'reasonable cause to believe' does not demand actual knowledge or actual belief, nor does a mere suspicion in the creditor's mind charge him with having 'reasonable cause.' In determining whether the creditor had reasonable cause to believe that a preference was intended, facts which are sufficient to put an ordinarily prudent man upon inquiry charge the creditor with all the knowledge he could have acquired by the exercise of reasonable diligence": Ibid., p. 279, sec. 105. In such case where there is reasonable cause to believe, the creditor's actual belief is immaterial (7 C. J., p. 153, note; also In re Hines, 144 Fed. 543); and reasonable cause to believe does not require actual knowledge or actual belief: Sundheim v. Ridge Avenue Bank, 138 Fed. 951. But the transfer is not voidable merely because the creditor had some cause to suspect the insolvency of his debtor: Keith, Trustee, v. Bank, 23 Pa. Superior Ct. 14; Arthur v. Harrington, 211 Fed. 215. However, where the circumstances are such as to incite a man of ordinary prudence to inquire, the creditor is chargeable with notice of all facts which a reasonably diligent inquiry would have disclosed (Tilt v. Citizens Trust Co. et al., 191 Fed. 441); and inquiry of the debtor alone is not sufficient: McGirr v. Humphrey's Grocery Co., 192 Fed.

55, 57. In the present case the trial judge stated the correct rule in the general charge, but that did not cure the error here complained of as we do not know which the jury accepted.

It was also error to permit William Schuette, the creditor's agent, to testify to his belief that Hess Brothers were solvent when the orders were given and accepted. The case turned, as above stated, not on the creditor's belief but upon the reasonable cause to believe and that was a matter for the jury upon all the facts and circumstances. If one witness may state his belief so may others, and the jury would be trying the case not upon the facts proven but upon the conclusions of the witnesses. As a general rule it is the duty of lay witnesses to state facts and permit the jury to draw inferences therefrom. See Ventress v. Smith, 10 Peters 171; also cases cited in Vale's Pa. Digest, vol. 3, col. 8470. "Hence, whenever the circumstances can be fully and adequately described to the jury, and are such that their bearing on the issues can be estimated by all men, without special knowledge or training, opinions of witnesses expert or other, are not admissible": Kuhn v. Ligonier Val. R. R. Co., 255 Pa. 445; Chambers v. Mesta Machine Co., 251 Pa. 618; Ake v. City of Pittsburgh, 238 Pa. 371; Graham v. Penna. Co., 139 Pa. 149. The facts, as related by Schuette were not complicated nor difficult of apprehension. Of course there are many cases where lay witnesses may state their opinions or beliefs; like those of sanity, handwriting, personal identity, values, etc.; but the present case does not seem to fall within any of them. A witness conversant with a person's assets and liabilities may, in the nature of an estimate of value, express an opinion as to his solvency (Watterson, Admr., v. Fuellhart, 169 Pa. 612), but Mr. Schuette makes no claim of personal knowledge as to the assets and liabilities of Hess Brothers, so, while he could properly state any facts or information within his knowledge at the

time, he could not add the personal belief he then entertained.

The case rests upon the reasonable cause of plaintiff to believe in the unlawful preference when it accepted the orders; and hence, what Mr. Schuette, as a member of the creditors' committee, learned a month or more thereafter should not have been admitted as bearing upon that question.

The affirmation of plaintiff's 12th point, viz: "It is undisputed that at and after the time of the orders both defendant and plaintiff believed honestly that Hess Brothers' assets were worth at least 75 per cent of their liabilities," was error. The fact therein stated was not undisputed. There was no evidence that defendant (the receiver) had knowledge of the financial condition of Hess Brothers when the orders were given, and the creditor's belief, more especially at a later period, is not the test of the validity of the transfer.

The answer to plaintiff's 13th point correctly states the facts, so far as relates to the orders embraced in this suit; and, as a preference may be unlawful when only sufficient to pay part of the indebtedness for which it is given, the balance of the point was rightly refused.

Accepted orders given within the four months constitute an assignment of the fund, but voidable only as a preferential transfer when the assignor was insolvent, and the transfer was for an existing indebtedness and operated as a preference, of which fact the assignee had at the time reasonable cause to believe. As the mere giving of the orders by the bankrupt does not of itself constitute a voidable transfer the defendant's second point was properly refused.

Under the present bankruptcy law a debtor is insolvent when the aggregate of his property shall not, at a fair valuation, be sufficient in amount to pay his debts (3 R. C. L., p. 275, sec. 98), and not when he is unable to meet his obligations as they mature in the ordinary

course of business. Hence, the refusal of defendant's 5th point, drawn on the latter theory, was correct.

It cannot be affirmed as matter of law that, because a debtor's business is bad and it is necessary to continually press him for payment, the creditor has reasonable cause to believe him insolvent. Those are circumstances, which in the present case were properly submitted to the jury in answer to defendant's 6th point.

As there was no appeal from the order awarding the issue, the question discussed by appellee as to its validity is not properly before the court. The giving and acceptance of orders, if a voidable preference, does not place the fund embraced therein beyond the grasp of the law.

The first four assignments of error are sustained and thereupon the judgment is reversed and a venire facias de novo awarded.